IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| STATE OF ALABAMA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:16-CV-417 |
| | ) | (WO) |
| STEVEN CLAYTON THOMASON, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER OF REMAND**

Before the court is Stephen Clayton Thomason's *pro se*[1] notice of removal. (Doc. # 1.)  Also before the court is Steven Clayton Thomason's motion for leave to proceed *in forma pauperis*.  (Doc. # 3.)  Thomason seeks to remove this case pursuant to 28 U.S.C. § 1443, which provides for removal of criminal cases that involve denial or nonenforcement of federal equal rights laws.  Thomason contends that, on the basis of his race, he is being deprived in the criminal case of equal rights to a fair trial and equal rights to make and enforce contracts.  (Doc. # 1 at 1.)  Having reviewed the notice of removal in accordance with 28 U.S.C. § 1455(b)(4),[2] the court

---

[1] Thomason is represented by Attorney Julian McPhillips in the state court criminal case. (Doc. # 1-6.)  In his notice of removal, Thomason refers to Mr. McPhillips as the "undersign[ed]." (Doc. # 1 at 4, 6.)  However, Mr. McPhillips did not sign the notice of removal and is not participating in Thomason's *pro se* attempt to remove the criminal case.

[2] 28 U.S.C. § 1455(b)(4) provides: "The United States district court in which such notice [of removal] is filed shall examine the notice promptly. If it clearly appears on the face of the

concludes that the case should be remanded.   The court further concludes that Thomason's motion to proceed *in forma pauperis* should be granted.

## I.   DISCUSSION

### A.   The Petition Is Untimely.

This is the second time Thomason has attempted to remove these state criminal proceedings to this court.[3]  In May 2015, he filed a notice of removal.  (Doc. # 1 in *State of Alabama v. Steven Clayton Thomason*, United States District Court for the Middle District of Alabama, Case No. 2:15-CV-327-WKW.)

On May 22, 2015, the criminal case was remanded because it was untimely removed.  Specifically, the court noted:

> The procedure for the removal of criminal prosecutions is governed by 28 U.S.C. § 1455, which provides that the notice of removal must be examined "promptly" by the district court in which the notice is filed and, "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." § 1455(b)(4). . . .

> Section 1455(b)(1) specifically requires that the notice of removal of a criminal prosecution "be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier." § 1455(b)(1).  A review of the record shows that the relevant state-court complaint was filed against Mr. Thomason on October 2, 2014.   The case then proceeded to trial on January 20, 2015.

---

notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."

[3] Although the case is remanded because it is untimely and because jurisdiction is lacking, the court also notes that remand would also be appropriate pursuant to 28 U.S.C. § 1455(b)(2), which provides that a second notice of removal may be filed only on grounds not existing at the time of the original notice, except upon a showing of good cause.

> Ultimately, Mr. Thomason was determined to have violated state law, and a sentence was imposed. Accordingly, Mr. Thomason has not complied with § 1455(b)(1)'s temporal requirement for removing a state criminal prosecution nor has he shown good cause for warranting leave to file outside the specified time period.

(Doc. # 5 at 2 in *State of Alabama v. Steven Clayton Thomason*, United States District Court for the Middle District of Alabama, Case No. 2:15-CV-327-WKW.)

Thomason appealed his conviction to the Elmore County circuit court, and there he waived arraignment. According to the documents Thomason filed with his notice of removal, trial is currently set for June 27, 2016.[4] Thomason filed his notice of removal on June 6, 2016, which is less than thirty days before the trial. Accordingly, the notice of removal is not timely filed pursuant to 28 U.S.C. § 1455(b)(1). Further, Thomason has not, and cannot, show good cause for failing to timely remove this case.

## B.   Jurisdiction is Lacking.

Thomason has not shown or alleged in his notice of removal any basis for a finding that the criminal case falls within the narrow grounds for removal permitted under § 1443. (*See* Doc. # 7 in *State of Alabama v. Steven Clayton Thomason*, United States District Court for the Middle District of Alabama, Case No. 2:15-CV-

---

[4] The court has reviewed and takes judicial notice of the contents of the state court records. *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (holding that a court may take judicial notice of the existence and contents of documents filed in another court, but not of the truth of the matters asserted therein). The trial date reflected in the state court record is consistent with the information provided in the removal documents.

327-WKW (explaining the narrow grounds for removal under § 1443).)  An action is removable under § 1443 only if the petitioner shows (1) "that the right upon which he relies arises under a federal law 'providing for specific civil rights stated in terms of racial equality'"; and (2) that the petitioner "has been denied or cannot enforce that right in the state courts." *Alabama v. Conley*, 245 F.3d 1292, 1295 (11th Cir. 2001) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792, 794 (1966); *see also* 28 U.S.C. § 1443(a) (providing for removal of a criminal case "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for . . . equal civil rights").

Thomason contends that the state court prosecution was brought in part for the ulterior motive of preventing him, on the basis of his race, from entering into contracts by "forcing him from the market" using a "sham trial" to obtain a criminal conviction.  (Doc. # 1 at 2 ¶ 5.)  Thus, according to Thomason, the prosecution is an attempt to deprive him of his rights to enter into contracts as provided in 42 U.S.C. § 1981.  He further contends that he is being prosecuted or will receive an unfair trial solely because of his race.

Section 1981 does qualify as a federal "law providing for equal civil rights." 42 U.S.C. § 1443(1); *Conley*, 245 F.3d at 1296.  However, Thomason has failed to demonstrate that he is unable enforce the rights conferred by § 1981 in the state court.  *Conley*, 245 F.3d at 1295 (holding that, to remove a criminal prosecution, the

removing party must show not only that the case concerns denial of a federal civil right, but also that he cannot enforce that right in the state court).  The State of Alabama charged Thomason with violating a facially neutral state law that prohibits residential homebuilding without a license.[5]  (Doc. # 1-1 at 7-8.)  Section 1443 permits removal of a state court prosecution for violating a facially neutral state law only in narrow circumstances where "the very act of bringing the state court proceedings will constitute a denial of the rights conferred by the federal statute." This narrow exception exists only in circumstances where, prior to trial, the court can make "a firm prediction that the defendant would be 'denied or cannot enforce' the specified federal rights in state court," and only where "the task of prediction would not involve a detailed analysis by a federal judge of the likely disposition of particular federal claims by particular state courts."  *Rachel*, 384 U.S. at 803-04.  For example, removal is available where the person is immunized from prosecution and trial by federal civil rights law, and, thus, the very prosecution itself is a deprivation of federally afforded civil rights, regardless of the outcome of the trial.  *Id.* at 803-05; *Conley*, 245 F.3d at 1296.

Institution of a baseless prosecution for the ulterior purpose of depriving a person of civil rights afforded by federal statute is not grounds for removal of a

---

[5] Thomason is charged with violating Alabama Code § 34-14A-14, which states: "*Any person* who undertakes or attempts to undertake the business of residential home building without holding a current and valid residential home builders license. . . shall be deemed guilty of a Class A misdemeanor." (Emphasis added.)

criminal case under § 1443, and neither is Thomason's allegation that he will be denied a fair trial in the state court proceedings because of his race. *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 827-29 (1966). The court cannot predict with certainty, prior to the state court trial, that Thomason *will* be denied his right to a fair trial[6] or his federally protected civil right to enter into contracts. Any such prediction would not only be speculative, but would also impermissibly require this court to engage "in the unseemly process of prejudging [judges] of the state courts." *Rachel*, 384 U.S. at 803-04. As the United States Supreme Court has explained:

> It is not enough to support removal under [§] 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court. The motives of the officers bringing the charges may be corrupt, but that does not show that the state trial court will find the defendant guilty if he is innocent, or that in any other manner the defendant will be "denied or cannot enforce in the courts" of the State any right under a federal law providing for equal civil rights. The civil rights removal statute does not require and does not permit the judges of the federal courts to put their brethren of the state judiciary on trial.

*Peacock*, 384 U.S. at 827-28 (quoting 28 U.S.C. § 1443(1)); *see also Alabama v. Conley*, 245 F.3d 1292, 1299 (11th Cir. 2001) (holding that allegations that a

---

[6] Thomason provides no basis for even a speculative finding that he will be denied a fair trial. He argues that he was denied a fair trial in the district court; however, in his notice of removal, he does not allege that Circuit Judge Reynolds is biased or that he cannot obtain a fair trial on appeal before Circuit Judge Reynolds.

criminal defendant cannot obtain a fair trial in state court do not support removal under § 1443).

Accordingly, the court makes no finding as to whether Thomason has been or will be denied federal civil rights in the state court proceedings.  In the event that he is denied a fair trial or his civil rights, federal remedies other than removal are available, including appeal to the United States Supreme Court and the filing of a civil action (the second of which has already been initiated by Thomason). *Peacock*, 384 U.S. at 828-29.

## II.   CONCLUSION

Accordingly, pursuant to 28 U.S.C. § 1455(b)(4), it is ORDERED that this case is summarily REMANDED to the Circuit Court of Elmore County, Alabama because it is untimely and because the court lacks jurisdiction.  The Clerk of the Court is DIRECTED to take the steps necessary to effectuate the remand.

Further, it is ORDERED that Thomason's motion to proceed *in forma pauperis* (Doc. # 3) is GRANTED on grounds that Thomason's affidavit demonstrates that he is unable to pay the court fees or give security therefor.  28 U.S.C. § 1915(a)(1).

DONE this 20th day of June, 2016.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE