IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STATE OF ALABAMA, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO.: 2:16-CV-417-WKW |
| | ) (WO) |
| STEVEN CLAYTON THOMASON, | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the court is Steven Clayton Thomason's June 24, 2016 *pro se* motion to stay state court proceedings (Doc. # 12), which the court construes as also containing a motion for relief from the June 20, 2016 Order of Remand.

## I.   DISCUSSION

### A.   The motion does not operate as a notice of removal.

Thomason styles his motion as a "Notice of Removal." The motion is not a notice of removal and does not function to remove the criminal proceedings to this court. Thomason did not comply with the procedural requirements for removal set forth in 28 U.S.C. § 1455, and Thomason did not include a filing fee or application for leave to proceed in this court *in forma pauperis*. Construing the document as a notice of removal to this court despite these procedural failings would be futile because (1) Thomason has not shown good cause for waiving the requirements of

28 U.S.C. § 1455(b)(2); (2) Thomason is currently appealing the June 20, 2016 Order of Remand (Doc. # 6); and (3) this court is not the Eleventh Circuit Court of Appeals, to which Thomason purports to remove this case. § 1455(b)(2) ("[A] second notice [of removal] may be filed only on grounds not existing at the time of the original notice.").

**B.    The motion for relief from judgment is due to be denied.**

Thomason seeks relief from the June 20, 2016 Order of Remand (Doc. # 6). *See* Fed. R. Civ. P. 60(b)(2) ("On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: mistake, inadvertence, surprise, or excusable neglect."). He contends that the court incorrectly concluded that the notice of removal was untimely. (Doc. # 12 at ¶ 4.) Although Thomason was arraigned and tried in district court, he waived arraignment in circuit court and filed the notice of removal prior to the trial in circuit court. Therefore, the notice of removal of the circuit court proceedings was arguably timely. 28 U.S.C. § 1455 ("A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier.").

However, even if the notice of removal was timely, Thomason is not entitled to relief from the order of remand. For the reasons stated in the order of remand (Doc. # 6 at 3-7), the lack of subject-matter jurisdiction was clear on the face of the

removal.  Therefore, the order of remand was correct.  *See* § 1455(b)(2) ("A notice of removal of a criminal prosecution shall include all grounds for such removal."); § 1455(b)(4) ("The United States district court in which such notice [of removal of a criminal case] is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.").

Further, Thomason's June 6, 2016 notice of removal was his second notice of removal, but it was premised on grounds that existed at the time of the first removal. § 1455(b)(2) ("[F]ailure to state grounds [for removal] that exist at the time of the filing of the notice shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice.").  To the extent that the second notice of removal was based on grounds that Thomason failed to include in the original notice of removal, Thomason did not show good cause for failing to comply with § 1455(b)(2).  To the extent that Thomason's second notice of removal simply reasserted the grounds of his original notice of removal, the notice of removal was inappropriate for the reasons stated in the first order of remand, which Thomason did not appeal.

Accordingly, to the extent that Thomason seeks relief from the June 20, 2016 Order remanding the case to the Circuit Court of Elmore County, Alabama, the motion is due to be denied. Fed. R. Civ. P. 62.1(a) ("If a timely motion is made for

relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . deny the motion.").

## C. The motion to stay is due to be denied.

Thomason requests that "no further action or proceedings . . . be had" in the Circuit Court of Elmore County, Alabama. (Doc. # 12 at 2.) The only basis Thomason asserts for the stay is the fact of the purported "removal." However, as noted above, the motion does not function as a notice of removal, and, in any event, removing state court criminal proceedings does not automatically stay all further proceedings in state court. 28 U.S.C. § 1455(b)(3) ("The filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded.").

Thomason has not made any showing in the motion that injunctive relief pending appeal is appropriate under Rule 62(c) or otherwise. *See* Fed. R. Civ. P. 62(c) (governing motions for injunctions pending appeal). Further, Thomason has not shown that an order staying the state court proceedings is appropriate on the basis of any exception to the general rule that a federal court may not enjoin state court criminal proceedings. *Burr & Forman v. Blair*, 470 F.3d 1019, 1027 (11th Cir. 2006) ("Under the Anti–Injunction Act, an injunction halting a state court proceeding is inappropriate, 'except as expressly authorized by Act of Congress, or

where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" (quoting 28 U.S.C. § 2283)).  Therefore, the motion to stay is due to be denied.

## II.   CONCLUSION

Accordingly, it is ORDERED that

1. Thomason's motion for relief from the June 20, 2016 Order of Remand (Doc. # 8) is DENIED; and

2. Thomason's motion to stay (Doc. # 8) is DENIED.

DONE this 20th day of July, 2016.

/s/ W. Keith Watkins<br>CHIEF UNITED STATES DISTRICT JUDGE